UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHALINA MONACELLI,

                Plaintiff,

-vs-                                                        Case No.   2:08-cv-397-FtM-34SPC

STATE OF FLORIDA,

                Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Kathalina Monacelli's Affidavit if Indigency construed as a Motion to Proceed *In Forma Pauperis* (Doc. #3) filed on May 15, 2008

### FACTS

      The Plaintiff's facts are incomplete but from the information in her Complaint the Court has determined that the issues arise out of a speeding ticket issued to the Plaintiff on May 26, 2007. The Plaintiff was apparently stopped by officers serving with the Lehigh Acres Police Department (LAPD) at approximately 5:00am on May 26, 2007, for driving sixty (60) miles per hour (Mph) in a forty-five (45) Mph speed zone. The Plaintiff took her case to traffic court where a judgment was entered against her.

      The Plaintiff then appealed her case to the Circuit Court which held that the Plaintiff had failed to "demonstrate a preliminary basis for reversal, the lower court opinion is hereby summarily affirmed." (Doc. # 2, Exhibit 1). The Plaintiff filed a request for rehearing on January 15, 2008, for

the Circuit Court to rehear her case. The Circuit Court denied her Motion for rehearing as untimely citing Fla. R. App. P. 9.310(a). Rule 9.310(a) allows an appellee fifteen (15) days to file an appeal after an opinion is rendered. Since the Circuit Court's Opinion was issued on December 28, 2007, and the Plaintiff did not file her Motion for Rehearing until January 15, 2008, the Circuit Court denied the Motion as untimely filed.

Thereafter, the Plaintiff appealed the decision to the Second District Circuit Court of Appeals in Lakeland, Florida. The Second District Court of Appeals dismissed the petition for writ of certiorari as untimely. (Doc. # 1, Ex. 2). The Plaintiff removed the case to this Court on May 15, 2008.

## DISCUSSION

The Plaintiff seeks to proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #

2) with a less stringent standard than those Complaints written by attorneys. <u>Trawinski vs. United Technologies</u>, 313 F.3d 1295 (11th Cir. 2002).

Before granting a motion for IFP, the Court must review the Complaint to determine if it is frivolous, or malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. In this instance, the Plaintiff removed the action to this Court alleging a failure of due process in her case before the State Court in and for the Twentieth Judicial Circuit in and for Lee County, Florida. Initially, there appears to be no pending case in the state court as the Second District Court of Appeals denied cert and no further appeal has been filed by the Plaintiff.

The Plaintiff alleges she was denied her due process rights because the Circuit Court affirmed the judgment against her and the Second District Court of Appeals denied her the right to appeal the judgement, thus denying her the right to court and due process. The Plaintiff's Complaint lacks merit. The Plaintiff was given access to the courts. The Plaintiff appeared in traffic court and lost her case. She then appealed to the Circuit Court which found no good cause to overturn the traffic court's decision. The Plaintiff then filed for a rehearing but was late in filing the request and the rehearing was denied. The Plaintiff was then allowed to appeal to the Second District Court of Appeals but was denied cert by the Second DCA. Essentially, the Plaintiff lost her case in state court and losing a case is not denial of due process. After a review of the Plaintiff's Complaint it is clear she was allowed substantial access to the State Court System and was not denied due process.

The Plaintiff also argues the merits of her case in her facts and statements of law and appears to be asking this Court to rule on her appeal or issue a mandamus to the Second DCA to hearing her case. The Federal Courts are courts of limited jurisdiction. As the United States Supreme Court

noted in Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923), district courts only possess original jurisdiction. Thus, the United States Supreme Court is the only federal court that can hear an appeal of a state court judgment. Id. This holding was later re-affirmed in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). In Feldman, the Court concluded that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings[,] [as review] of such judgments may be had only in this Court." Id. at 482. Thus, it found that when the allegations in the complaint are inextricably intertwined with a state court judgement, the district court has no jurisdiction to hear the claims. Id. at 486-487. However, a district court may review a general constitutional challenge. Id. at 483.

As a result of these two cases, federal courts recognize the Rooker-Feldman doctrine, which prohibits a district court from hearing "certain matters related to previous state court litigation." Goodman ex rel Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine "is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court. Id. at 1333. In order to determine whether the Rooker-Feldman doctrine applies, the Court must look to the following criteria: "(1) the party in federal court is the same as the party in the state court; (2) the Prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court judgments. Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n. 1 (11th Cir. 2003) (quoting Amos v. Glynn County Board of Tax Assessors, 347 F.

3d 1249, 1265 (11th Cir. 2003)).  The Eleventh Circuit has further defined the "inextricably intertwined" requirement as the situation when a "federal claim succeeds only to the extent that the state court wrongly decided the issues before." Goodman ex rel Goodman v. Sipos, 259 F.3d at 1332 (quoting Siegel v LePore, 234 F.3d 1163, 1172 (11th Cir. 2000)(en banc)).  Thus, the Court does not have jurisdiction when the plaintiff's claims necessarily result in a re-examination of the state court decision. Cooper-Jolly v. Lyttle, 3 F. Supp. 2d 1446, 1448 (N.D. Ga. 1998).

Here, the Plaintiff states that two (2) police officers stopped her shortly after she passed through a stop light.  The officers issued her a citation for speeding.  The Plaintiff states she was stopped for a traffic light infraction and not speeding, therefore, she should not have been issued a speeding ticket.  She also states that the officers were not in plain view when they used their radar gun on her vehicle and therefore, the officers could not have seen her speeding.  Finally, the Plaintiff states the forty-five (45) Mph speed limit was not posted in the area were she was stopped and cited for speeding.

The Plaintiff's arguments relate directly to her case in the state court.  Because the Plaintiff's allegations are "inextricably intertwined" with the decisions of the state court, this Court lacks the jurisdiction to act as an appeals court for the State Court's judgment.  As noted above, the Plaintiff fails to adequately demonstrate that she was denied due process by the State Court and she has failed to raise a cognizable Constitutional claim.

Therefore, it is respectfully recommended that the Plaintiff's Motion for IFP should be denied and the Complaint should be dismissed..

Accordingly, it is now

**RECOMMENDED:**

(1) The Plaintiff Lathalina Monacelli's Motion to Proceed *In Forma Pauperis* (Doc. #3) should be **DENIED**.

(2) It is further respectfully recommended the case should be dismissed without prejudice for failure to state a claim in Federal Court.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**Respectfully recommended** at Fort Myers, Florida, this __23rd__ day of June, 2008.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record